UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 20 CR 910 |
| v. | Judge Thomas M. Durkin |
| ROBERT SWEENEY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant Robert Sweeney is charged with bank robbery. In anticipation of trial, the government filed four consolidated motions in limine. One of those motions seeks to introduce evidence of other acts under Federal Rule of Evidence 404(b). For the reasons that follow, that motion is denied.

**Background**

Mr. Sweeney is charged with bank robbery in this case, and is alleged to have stolen approximately $63.00 from the Fifth Third Bank in Aurora, Illinois on December 14, 2020. Four days later, on December 18, 2020, a TCF Bank in Hickory Hills, Illinois was robbed. Mr. Sweeney was not charged with robbing the TCF bank. The government filed its motions in limine seeking, in part, to introduce evidence of the TCF robbery pursuant to Rule 404(b) as "other acts" evidence establishing Mr. Sweeney's identity through a common modus operandi.

**Legal Standard**

Rule 404(b)(1) prohibits using evidence of other acts to show that a defendant had a propensity to commit a crime. *United States v. Morgan*, 929 F.3d 411, 427 (7th Cir. 2019) ("[A] court may not allow in evidence of prior acts to show that the defendant 'is the kind of person who would do such a thing.'"). Rule 404(b)(2) provides exceptions to the general prohibition. One exception is where the evidence is admitted for another purpose, such as proving identity or a modus operandi. *United States v. Brewer*, 915 F.3d 408, 415 (7th Cir. 2019). Once a party objects to the admission of other-act evidence, the proponent must "first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way." *United States v. Gomez*, 762 F.3d 845, 860 (7th Cir. 2014) (en banc). In other words, the non-propensity evidence must be shown "through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged." *Id.* If the proponent successfully establishes that the evidence fulfills a purpose other than impermissible propensity reasoning, a district court must then determine whether, under Rule 403, the "probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice." *Id.*

**Analysis**

Mr. Sweeney argues evidence of the TCF robbery would only serve to show a propensity for bank robbery. In other words, Mr. Sweeney contends the government would introduce the TCF robbery to show that if Mr. Sweeney committed one bank

robbery, he must have committed the charged bank robbery, as well. The government assumes, as does the Court, that the defense will contend Mr. Sweeney is not the robber in the instant offense. Thus, the government argues the TCF bank robbery evidence proves his identity and falls within the relevant exception of Rule 404(b)'s prohibition on propensity evidence because in both instances Mr. Sweeney was wearing a knit hat and sunglasses, handed the teller a note, drove a white pick-up truck, and fled. R. 69 at 6-7.

The government relies on two Seventh Circuit opinions, but both are distinguishable from the facts at play here. In *United States v. Edwards*, a defendant pled guilty to two robberies but claimed not to be involved in a third. *Edwards*, 26 F.4th 449, 451 (7th Cir. 2022). During trial for the third robbery, the government sought to introduce evidence of the two admitted robberies to prove the defendant's identity. *Id*. The Seventh Circuit affirmed the district court's admission of the Rule 404(b) evidence because the modus operandi was established by significant commonalities among the three robberies: each offender wore a similar outfit for each robbery; one person spoke with an employee while the rest of the offenders ensured all customers exited the store; one offender pointed a gun at the employee and announced the robbery while another locked the front door; the offenders led the employee to the back and demanded they open a safe; the offenders stuffed items into black garbage bags; and they escaped through a back door. *Id*. at 455. The Court noted that "while some characteristics may be generic to any robbery," together in that case they established a "distinct signature." *Id*.

3

Similarly, in *United States v. Brewer*, a defendant was charged with three counts of bank robbery for robberies in Indiana, and the government sought to introduce evidence of two uncharged robberies in other states under Rule 404(b). *Brewer*, 915 F.3d at 412-413. The Court found other-act evidence was being offered to prove a modus operandi where the defendant "lingered" around stores before robbing them, asked for change in unique denominations, and used a specific wooden stick in the robberies. *Id*. at 415. There was also surveillance footage of a man resembling the defendant committing the unindicted robberies. *Id*. at 416. The Court found this to be sufficient, noting the defendant and his partner had "established an idiosyncratic way" of robbing banks. *Id*. at 415.

This case is different. First of all, Mr. Sweeney has not admitted to robbing the TCF bank, as the defendant in *Edwards* did. Nor is there a string of robberies to point to or an identification of Mr. Sweeney as the TCF robber, as was the case in *Brewer*. Unlike in *Edwards* and *Brewer*, the government has only offered generic characteristics common in most bank robberies. The fact that Mr. Sweeney wore a hat and sunglasses in both instances is not indicative of identity. *See United States v. Seals*, 419 F.3d 600, 607 (7th Cir. 2005) (explaining that generic similarities, such as disguising one's identity, are insufficient to establish a modus operandi for purposes of Rule 404(b)). Further, handing the teller a note and fleeing the scene of a bank robbery, without more, do not come close to establishing a distinct signature attributable to Mr. Sweeney. Nor to they show some kind of idiosyncratic, unique way of committing the offense. The evidence of the white truck being used in both

4

robberies is one factor in favor of permitting the evidence at trial, but without more, it is not so distinctive as to qualify as an exception to Rule 404(b)'s prohibition. In total, the evidence the government seeks to introduce only goes to show Mr. Sweeney had a propensity to rob banks, and is therefore impermissible under Rule 404(b)(1).

Further, the prejudice to Mr. Sweeney if the TCF robbery evidence was introduced would be overwhelming. He is charged with bank robbery, and evidence that he allegedly committed the same crime at a different location four days later would undoubtedly sway the jurors (or at least present a serious risk of doing so) into thinking he must have committed the offense in the instant case. In addition, the government seeks to introduce evidence that Mr. Sweeney said something to the effect of "I have a gun" to the bank teller during the TCF robbery. Even if the Court were to provide a limiting instruction to the jury that they should only consider the evidence for identity purposes, the prejudice to Mr. Sweeney would not be cured. The unfair prejudice to Mr. Sweeney from introduction of the TCF robbery evidence further supports denying the government's motion.

## Conclusion

For the foregoing reasons, the government's motion to permit evidence of other acts under Rule 404(b) is denied. The remainder of the government's motions in limine, R. 69, as well as Mr. Sweeney's motions in limine, R. 67, will be addressed at the final pretrial conference.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
Dated: June 30, 2022               United States District Judge